IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL LOUIS SANDERS, #1836784 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv580 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Michael Louis Sanders, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Cooke County conviction for the offense of aggravated assault-deadly weapon and serious bodily injury on spouse. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was convicted, after a plea of guilty, on January 30, 2013. He did not appeal the conviction. The conviction became final thirty days later on March 1, 2013. The present petition was due one year later on March 1, 2014, but it was not filed until July 25, 2016. Petitioner's first state application for a writ of habeas corpus was pending for 233 days, which tolled the deadline by 233 days from March 1, 2014 until October 20, 2014. 28 U.S.C. § 2244(d)(2). His second state application was not filed until October 5, 2015, which was almost one year too late. The pendency of the second state application did not effectively toll the deadline.

Petitioner argues in his objections that the limitations period in his case should have run from "the date on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). He asserts that he became aware of important facts on December 15, 2015. These facts were discovered after he filed his second state application, and his corresponding claims have not been exhausted. Petitioner has not shown that his petition is saved by statutory or equitable tolling; thus, it should be dismissed as time-barred. Furthermore, for reasons explained by Magistrate Judge Nowak, he has not shown "actual innocence" in order to overcome the statute of limitations. The petition should be dismissed as time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 8th day of February, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE